UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                              No. 14-cr-20142

vs.                                                   Hon. Gerald E. Rosen

AMEY TIPTON,

                Defendant.
_____/

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE
AND DENYING MOTION TO STAY RESTITUTION
UNTIL RELEASE FROM INCARCERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 26, 2016

PRESENT: Honorable Gerald E. Rosen
United States District Judge

Amey Tipton was indicted in a 38-count indictment on 37 counts of filing false, fictitious or fraudulent tax claims in violation of 18 U.S.C. § 287, and one count of fraud in connection with identification documents under 18 U.S.C. § 1028(a)(7). On August 26, 2015, Tipton pled guilty pursuant to a Rule 11 Plea Agreement to three counts of filing false tax claims and one count of identification fraud, and on March 28, 2016 she was sentenced to 33 months incarceration and ordered to pay restitution in the amount of $100,625.33 to the Internal Revenue Service.

1

Tipton, acting *pro se*, now moves for a reduction of her sentence [Dkt. # 22] and for a stay of the order of restitution until she is released from incarceration [Dkt. # 23]. For the reasons stated below, both motions will be denied.

1. Motion for Reduction of Sentence

Tipton's motion for reduction of sentence is based upon U.S.S.G. Amendment 794, which became effective on November 1, 2015.  Tipton's Pre-Sentence Investigation Report indicates that Tipton's sentence was calculated pursuant to the 2014 Sentencing Guidelines.  Amendment 794 amended U.S.S.G. § 3B1.2 Application Note 3 by setting forth a non-exhaustive list of factors for courts to consider in determining whether to apply a 2- or 4-level offense reduction for a "mitigating role" in the offense.  However, "a mitigating role offense level reduction is 'not applicable unless more than one participant was involved in the offense.'" *United States v. Carter*, 604 F. App'x 470, 472 (6th Cir. 2015) (quoting USSG § 3B1.2, comment. (n.2)).  *See also United States v. Randolph*, 794 F.3d 602, 616 (6th Cir. 2015) ("The 'minimal participant' reduction is intended to be used 'infrequently,' and applies only to defendants who are 'plainly among the least culpable of those involved *in the conduct of a group*.'" *Id.* (quoting *United States v. Branham*, 460 F. App'x 538, 548 (6th Cir.2012) (citation omitted; emphasis added).)

Tipton was the only participant in the offenses to which she pled guilty. She admitted that she filed tax returns in the names of other individuals without their consent,

arranged to have the refunds deposited in various bank accounts she held in her name and to which she had access, and that she herself utilized those funds. [*See* Defendant Tipton's Sentencing Memorandum, pp. 1-2.] Under these circumstances, she was not, and is not now, entitled to a mitigating role reduction of offense level.

Furthermore, Ms. Tipton has already been the beneficiary of a downward departure from what her Guidelines called for. Pursuant to her Rule 11 Plea Agreement, Tipton agreed to a sentencing range of 33-41 months, understanding that if, after investigation, her criminal history proved to be higher than the Category IV upon which the 33-41 month range was based, that range would be increased. This proved to be the case: the Presentence Investigation revealed a Criminal History Category VI, which resulted in a 41-51 month sentencing range.

If U.S.S.G. § 3B1.2's "mitigating role" provisions applied, at best, Tipton's sentencing range would have been reduced to either 33-41 months (with a 2-level reduction for "minor" role in the offense) or 27-33 months (with a 4-level reduction for a "minimal" role). The Court, in fact, sentenced Tipton to 33 months. She therefore has already received a substantial reduction from what the Guidelines would have called for, even with the benefit of the "mitigating role" reduction.

2. Motion to Stay Restitution

Tipton also moves for a Stay of the Order of Restitution until she is released from incarceration. She complains about the inmate financial responsibility program in which

she is participating while incarcerated which requires that she make monthly restitution payments from her inmate wages and financial support.

The Court ordered that Defendant participate in the inmate financial responsibility program and is well-aware of the program's requirements. Accordingly the Court will not grant Defendant a waiver from the requirements of the inmate financial responsibility program or otherwise stay its Order of Restitution.

For all of the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion for Reduction in Sentence **[Dkt. # 22]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Restitution **[Dkt. # 23]** is DENIED.

s/Gerald E. Rosen
United States District Judge

Dated: October 26, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135