UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               No. 14-cr-20142

vs.               Hon. Gerald E. Rosen

AMEY TIPTON,

               Defendant.
_____/

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on January 9, 2017

        PRESENT: Honorable Gerald E. Rosen
                        United States District Judge

Amey Tipton was indicted in a 38-count indictment on 37 counts of filing false, fictitious or fraudulent tax claims in violation of 18 U.S.C. § 287, and one count of fraud in connection with identification documents under 18 U.S.C. § 1028(a)(7).  On August 26, 2015, Tipton pled guilty pursuant to a Rule 11 Plea Agreement to three counts of filing false tax claims and one count of identification fraud, and on March 28, 2016 she was sentenced to 33 months incarceration and ordered to pay restitution in the amount of $100,625.33 to the Internal Revenue Service.

Tipton now moves the Court for a reduction of her sentence "based on

miscalculation of loss guidelines and the enhancement of the criminal history level."
This is Defendant Tipton's *third* post-sentencing request for a reduction of her sentence.[1]

In this motion, Tipton argues that she should have received only an 8-level increase in her offense level, not the 10-level increase imposed, based on the amount of loss incurred by the victims. She also argues that her criminal history category should have been calculated as a Level III, rather than a Level IV. With these corrections to her sentencing calculation, Defendant contends that her sentencing range should be 18 to 24 months.

Amount of Loss

With respect to the loss amount used in calculating Tipton's offense level, Tipton contends that, based on the 2015 Guidelines that became effective November 1, 2015,[2] she should have received an offense level increase of only 8, not 10.

Under the 2014 Guidelines, U.S.S.G. §2B1.1(b) provided in pertinent part:

(1) If the loss exceed $5,000, increase the offense level as follows:

---

[1] In addition to a motion for reduction of sentence filed on August 10, 2016 (which was denied on October 26, 2016), the Court also received a letter request from Tipton on October 27, 2016 requesting an adjustment of her criminal history calculation and a concomitant reduction of her sentence. The Court also denied that request.

[2] Tipton's Pre-Sentence Investigation Report indicates that Tipton's sentence was calculated pursuant to the 2014 Sentencing Guidelines. However, as explained herein, the amendment to U.S.S.G. § 2B1.1(b)(1) (Amendment 791) does not afford Tipton the sentence reduction she seeks.

      Loss (Apply the Greatest)        Increase in Level
      . . .
      (E)  More than $70,000        add 8
      (F)  More than $120,000      add 10
      . . .

Amendment 791 amended this section by replacing it with the following:

(1)  If the loss exceeded $6,500, increase the offense level as follows:

      Loss (Apply the Greatest)        Increase in Level
      . . .
      (E)  More than $95,000        add 8
      (F)  More than $150,000      add 10
      . . .

*See* Guidelines Manual, Supplement to Appendix C.

Relying on the amount of restitution that she was ordered to pay -- $100,625.33 -- Tipton contends that subsection (E) of the amended version of U.S.S.G. § 2B1.1(b)(1) should apply. However, the amount of restitution ordered is not the same as the total amount of loss for which Defendant was held responsible.

As explained in the Pre-Sentence Investigation Report,

> For guideline purposes, the defendant is being held responsible for filing 38 fraudulent income tax returns, with **a total attempted loss of $194,770.00** to the IRS. . . . Not all of the refunds were issued and the government has recovered some of the money. The resulting loss for restitution purposes is $100,625.03.

[Pre-Sentence Investigation Report, p. 6, ¶ 15.]

Application Note 3 to §2B1.1 applies to the determination of "loss" under subsection (b)(1). It states in pertinent part, "loss is the greater of actual loss or intended

loss." The Application Note further states that "intended loss" means "the pecuniary harm that the defendant purposefully sought to inflict and includes intended pecuniary harm that would have been impossible or unlikely to occur." An "attempted loss" is an "intended loss" for purposes of the sentencing guidelines. *See e.g., United States v. Erwin*, 426 F. App'x 425, 437 n.9 (6th Cir. 2011); *United States v. Burton*, 230 F. App'x 505, 510 n.1 (6th Cir. 2007); *United States v. Cage*, 138 F. App'x 833 (6th Cir. 2005). Further, the defendant is not entitled to a reduction in loss amount based on amounts eventually recovered by the victim. *Burton, supra.*

The foregoing makes clear that the subsection (F), not subsection (E) of § 2B1.1(b)(1) applies. That the 2014 Guidelines turned on a loss of "more than $120,000" and the 2015 Guidelines turn on a loss of "more than $150,000" does not change the outcome in Defendant Tipton's case as she was deemed responsible for a loss amount of $194,000.

Criminal History Category

Tipton also argues that her Criminal History should have have been scored as a Category III instead of a Category IV, claiming that four of the crimes used in arriving at a Category IV were over 10 years old. As Defendant herself acknowledges, she has already been the beneficiary of a downward departure from the guidelines because her Criminal History Category was actually determined to be a Category VI, which would call for a sentence of 41-51 months. The Court nonetheless sentenced Tipton to 33

months, i.e., the bottom of the Category IV range.

Furthermore, the Court has already explained to Ms. Tipton in its letter of December 5, 2016, and reiterates here, the propriety of including the four prior convictions she complains of in determining her Criminal History Category:

> A prison sentence that exceeded 13 months was imposed for each of the first three convictions referenced in your letter [and in this motion]. Pursuant to U.S.S.G. 4A1.1(a), three points are added for each prior sentence of imprisonment exceeding one year and one month. The date the offense conduct began (in this case March 1, 2009), is used to determine whether an offense is scorable. The offense conduct is calculated 15 years from the date on which a defendant was last released from custody. In all three cases you were released from custody within 15 years of the instant offense.
>
> Although you were sentenced to a fine for your conviction in 2002 for Retail Fraud Second, pursuant to U.S.S.G. 4A1.1(c), one point was assessed as the offense conduct began again March 1, 2009 and goes back 10 years.

Therefore, Tipton's Criminal History was calculated correctly and does not require any adjustment.

For all of the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's "Motion for Reduction of Sentencing Based on Miscalculation of Loss Guidelines and the Enhancement of the Criminal History Level" **[Dkt. # 25]** is DENIED.

                                              s/Gerald E. Rosen_____
                                              United States District Judge

Dated: January 9, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2017, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5135