UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMEY RENEE TIPTON,

    Defendant.
                                        /

Case No. 14-20142

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION TO STAY ORDER OF RESTITUTION [27]**

In a judgment dated March 30, 2016, Defendant Amey Renee Tipton was sentenced to a 33-month term of imprisonment and ordered to pay restitution in the amount of $100,625.33 to the Internal Revenue Service. On October 11, 2016, Defendant filed a motion seeking a stay of her obligation to pay restitution until she had completed her term of incarceration, but the Court denied this motion in an October 26, 2016 order. Through the present motion filed on April 11, 2017, Defendant once again asks the Court to stay its order of restitution until she is released from prison.

Upon reviewing Defendant's present motion and the remainder of the record, the Court sees no basis for revisiting its prior denial of Defendant's request for a delay in her restitution payments. To the extent that Defendant takes issue with the manner in which the Bureau of Prisons ("BOP") is enforcing her restitution obligation, the Court reiterates its statement in its earlier order that it ordered Defendant to participate in the BOP's Inmate Financial Responsibility Program ("IFRP") and is well aware of this program's requirements. (*See* 10/26/2016 Order at 4.) Moreover, the Government correctly observes that this Court

lacks the jurisdictional authority to "micromanage" the BOP's operation of the IFRP, *United States v. Callan,* No. 03-5747, 96 F. App'x 299, 301 (6th Cir. April 13, 2004), or to override the BOP's determination of the amount Defendant must pay under this program, *see United States v. Rush,* 853 F. Supp.2d 159, 162 (D.D.C. 2012). Finally, the Government further points out that if Defendant wishes to challenge the BOP's enforcement of her obligation to pay restitution, she must first exhaust her administrative remedies, *see* 28 C.F.R. § 542.10, and then seek judicial relief in the federal district court for the district in which she is incarcerated, *see United States v. Bradford,* 623 F. Supp.2d 849, 855 (E.D. Mich. 2009) (citing 28 U.S.C. § 2241).

For these reasons,

The Court hereby DENIES Defendant's April 11, 2017 motion to stay order of restitution (Dkt. 27).

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 8, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2017, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager