UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Amey Renee Tipton,

    Defendant.
_____/

Case No. 14-20142

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ORDER REGARDING LENGTH OF HALFWAY HOUSE OR HOME CONFINEMENT PLACEMENT [32]**

On August 26, 2015, Defendant Amey Renee Tipton entered a plea of guilty to three counts of False, Fictitious or Fraudulent Claims and one count of Fraud in Connection With Identification Documents, Authentication Feature, and Information, pursuant to a Rule 11 Plea Agreement. (Dkt. # 18). Judge Gerald E. Rosen sentenced Defendant to be imprisoned for a total term of 33 months, followed by supervised release for a term of three years. The court also ordered Defendant to pay $100,625.03 in restitution to the Internal Revenue Service. The court entered a Judgment on March 30, 2016. (Dkt. # 20). Defendant is currently serving her term of imprisonment at the Hazelton Federal Correction Institution in Bruceton Mills, West Virginia. Her projected release date is December 24, 2018. On January 30, 2018, Defendant filed the instant motion for an order regarding the length of halfway house or home confinement placement. (Dkt. # 32). The Government failed to respond to the motion.

Through the instant motion, Defendant requests a judicial recommendation that the Federal Bureau of Prisons ("FBOP") place her in a halfway house or on home confinement for a period of six to twelve months preceding the expiration of her sentence of incarceration. Defendant states that such a placement would help her secure employment, seek housing, and further her education. Defendant notes that she is a mother of five and a grandmother of seven, and that her mother is in a nursing home. She states that she is turning her life completely around, and that she wants to be a better leader for her family.

After review of the motion, the Court finds that Defendant has not shown that the Court has authority to make a judicial placement recommendation to the FBOP apart from what the court already ordered and recommended in the Judgment, entered on March 30, 2016. It is now almost two years after the entry of the Judgment and well beyond the time to amend the Judgment. *See* Fed. R. Crim. P. 35, 36; *see also United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) (explaining that judgments ordinarily become final and unreviewable when the time for appeal and reconsideration has expired). The Court further notes that the FBOP has plenary authority to determine date of release and/or any pre-release pursuant to 18 U.S.C. § 3624 and the factors in 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011). Defendant notes that the FBOP has recommended that she be placed in a halfway house for a period of 30 days, and Defendant has not shown that the FBOP failed to consider the factors in 18 U.S.C. § 3621(b) in making an individual determination as to her halfway house placement date.

For the reasons set forth above,

IT IS ORDERED that Defendant Amey Renee Tipton's motion for an order regarding length of halfway house or home confinement placement (Dkt. # 32) is DENIED.

SO ORDERED.

                                S/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: March 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2018, by electronic and/or ordinary mail.

                                S/Lisa Bartlett
                                Case Manager